Milton PFEIFFER, Plaintiff–Appellant,

v.

BJURMAN, BARRY & ASSOCIATES, and Bjurman Barry Micro–Cap Growth Fund, Defendants–Appellees,

William Wallace, Mark K. Mason, Joseph E. Maiolo, O. Thomas Barry, and G. Andrew Bjurman, Defendants.

No. 06–1580–cv.

United States Court of Appeals, Second Circuit.

Jan. 25, 2007.

Eduard Korsinsky (Joseph Levi, on the brief), New York, N.Y., for Plaintiff–Appellant.

Mitchell A. Karlan (David J. Kerstein, on the brief), New York, N.Y., for Defendants–Appellees.

Present: Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL, Circuit Judges, Hon. DAVID G. TRAGER, District Judge.

## SUMMARY ORDER

Plaintiff-appellant Milton Pfeiffer appeals the order dismissing his second amended complaint ("SAC") which alleged, in pertinent part, that the defendants violated § 36(b) of the Investment Company Act and the regulations promulgated thereunder. *See* 15 U.S.C. § 80a–35(b). We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

Section 36(b) provides that "the investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or of payments of a material nature, paid by such registered investment company, or by the security holders thereof, to such investment adviser or any affiliated person of such investment adviser." 15 U.S.C. § 80a–35(b). No action under § 36(b) "shall be brought or maintained against any person other than the recipient of such compensation or payments." 15 U.S.C. § 80a–35(b)(3). The district court here granted defendants' motion for summary judgment on the ground that the defendants were not the "recipient[s]" of the fees for purposes of liability under § 36(b), and we review this decision *de novo*. *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 220–21 (2d Cir.2003).

We agree with the District Court's well reasoned decision. The primary thrust of the plaintiff's complaint is that Bjurman, Barry & Associates ("Bjurman") caused the Bjurman, Barry Micro–Cap Growth Fund (the "Fund") to incur 12b–1 fees for promoting, marketing, and distribution services that were excessive in relation to the services performed. The plaintiff does not dispute that the fees here in issue were not paid ultimately to the defendants. Moreover, the fact that Bjurman might have been liable for these fees had the

Fund terminated its service agreements with the broker-dealers who received the fees does not make them "recipient[s] of such compensation" within the meaning of the statute. Because this action may be brought only against those who are "recipient[s]," 15 U.S.C. § 80a–35(b)(3), it was proper to enter summary judgment dismissing plaintiff's claims against the defendants here.

We have considered all of plaintiff-appellant's other arguments and find them without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**